# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER VANN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>D. HERNANDEZ, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01238-LJO-SMS PC<br><br>ORDER DENYING MOTION FOR RETURN OF FILING FEE<br><br>(Doc. 7)<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**Screening Order**

**I.     Return of Filing Fee**

　　Plaintiff Oliver Vann ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 24, 2007. On March 14, 2008, plaintiff filed a motion seeking return of the $350.00 filing fee and dismissal of this action on the ground that his complaint has not been timely screened. Plaintiff expresses interest in pursuing this action in state court for speedier resolution.

　　A filing fee is owed upon initiation of an action. The obligation to pay the filing fee is not predicated upon the guarantee of some particular outcome within a particular time frame. Plaintiff filed this action, triggering the obligation to pay a filing fee, and plaintiff is not due a refund because it has not proceeded as he envisioned.

1    The Court notes that plaintiff asserts a year and a half delay is too long. This action was filed on August 24, 2007, as noted above, and plaintiff did not pay the filing fee until October 10, 2007. As such, this case has been ready for screening for approximately five months. While this still constitutes a delay, it is not the egregious delay plaintiff asserts it to be, particularly considering that the Eastern District of California is buried under a veritable mountain of civil rights cases. The Court cannot guarantee a particular pace for this lawsuit. Therefore, plaintiff may, upon receipt of this order, determine that he still wishes to have this suit dismissed. If that is the case, plaintiff may file a notice of voluntary dismissal. However, the filing fee cannot be returned should plaintiff seek to pursue dismissal.

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. The Court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

### III. Plaintiff's Claims

Plaintiff is an inmate currently housed Pleasant Valley State Prison, where the events at issue in this action allegedly occurred. Plaintiff names Correctional Officers D. Hernandez and J. Melendez, and Sergeant E. McBride as defendants, and is seeking monetary damages and equitable relief. Given the nature of plaintiff's claims, plaintiff is not entitled to an injunction enjoining defendants from violating his rights, City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006), or a declaration that defendants violated his rights, United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985), and this action shall proceed as one for damages only.

Plaintiff alleges that on May 16, 2006, defendant Hernandez, a female officer, stopped him to conduct a search. Plaintiff, who is Jewish, requested that the search be conducted by a male officer because of his religious beliefs. Defendant Melendez, who is male, and another male officer approached, and Melendez ordered plaintiff to cuff up. Plaintiff alleges that Melendez placed the handcuffs on so tightly that they cut off plaintiff's blood circulation and caused hand and bone damage. Thereafter, Melendez bent plaintiff's arms upward causing him excruciating pain, and slammed his face into the wall of a holding cell he moved plaintiff into.

Plaintiff alleges that defendant McBride witnessed Melendez slamming plaintiff's face into the wall. McBride told Melendez to uncuff plaintiff, and told Melendez and Hernandez to toss and tear up plaintiff's cell. Plaintiff alleges that Hernandez searched his cell, trashed his belongings, and confiscated personal property plaintiff was entitled to possess. Plaintiff alleges that when he was later given a property receipt, it did not reflect his confiscated headphones or the damage to his television. During the events at issue, defendants made remarks critical of plaintiff's religion.

#### A. Federal Claims

##### 1. Eighth Amendment Excessive Force Claim

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks

and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Id.  (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  Id.

Plaintiff alleges that he is pursuing an Eighth Amendment claim against all defendants.  Plaintiff's allegations concerning the use of physical force against him are sufficient to give rise to a cognizable claim for relief against defendants Melendez and McBride.  Fed. R. Civ. P. 8(a).  However, plaintiff has not alleged any facts supporting a claim that defendant Hernandez participated in the use of force or was in a position to put a stop to it but failed to do so.  Absent linkage between an act or omission of defendant Hernandez and the event complained of, plaintiff may not pursue an excessive force claim against Hernandez.

### 2. First and Fourteenth Amendment Claims

Plaintiff alleges that defendants' retaliatory actions impinged upon his "rights to Free Exercise and Enjoyment of his Traditional/Orthodox Jewish Religion without fear and

1 discrimination . . . ." (Doc. 1, ¶15.) Because plaintiff's choice of wording implicates three legal
2 claims, potentially, the Court will address all three.

### a. Free Exercise of Religion

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060 (1948)). "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997). "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" Freeman, 125 F.3d at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

Plaintiff has not alleged any facts which support a cognizable free exercise claim under section 1983.

### b. Equal Protection

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v.

Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Plaintiff's allegations are sufficient to support a claim that defendants used excessive force against him and trashed his cell at least in part because he is Jewish. Fed. R. Civ. P. 8(a).

### c. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff's allegations are sufficient to support a claim that defendants retaliated against him based on his religion. Fed. R. Civ. P. 8(a).

### B. State Law Claims

In addition to his federal claims, plaintiff alleges claims for assault and battery, and violation of the State Constitution. California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Although plaintiff alleges compliance with 42 U.S.C. § 1997e(a) via utilization of the inmate appeals process, plaintiff has not alleged that he exhausted his claims through the California Victim

///

Compensation and Government Claims Board.  Absent compliance with the Tort Claims Act, plaintiff may not pursue his state law tort claims in this action.

**IV.     Conclusion**

Plaintiff's complaint states cognizable claims for relief under section 1983 against defendants Melendez and McBride for use of excessive force in violation of the Eighth Amendment, and against defendants Hernandez, Melendez, and McBride for violation of the Equal Protection Clause and retaliation in violation of the First Amendment.  However, plaintiff has not alleged a cognizable Eighth Amendment claim against defendant Hernandez or a cognizable free exercise claim against any of the defendants.  Further, plaintiff is precluded from pursuing any state law tort claims for failure to allege compliance with the Tort Claims Act.  The Court will provide plaintiff the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against defendants Melendez and McBride for use of excessive, and against defendants Hernandez, Melendez, and McBride for denial of equal protection and for retaliation, plaintiff may so notify the Court in writing.  Upon receipt of plaintiff's notice, the Court will recommend dismissal of the non-cognizable claims and will send plaintiff summonses and instructions for effecting service of process.

In the event that plaintiff does wish to file an amended complaint, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative

7

1 link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423
2 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d
3 740, 743 (9th Cir. 1978).

    For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion for return of the $350.00 filing fee is denied;

2. Within **thirty (30) days** from the date of service of this order, plaintiff shall either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable in this order;

3. The Clerk's Office shall send plaintiff a civil rights complaint form; and

4. The failure to file an amended complaint in compliance with this order will result in dismissal of this action, without prejudice.

IT IS SO ORDERED.

**Dated:   March 24, 2008**                    /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE