1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  OLIVER VANN,                                 CASE NO. 1:07-cv-01238-LJO-SMS PC

10                          Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING DISMISSAL OF FREE
11          v.                                  EXERCISE CLAIM

12  D. HERNANDEZ, et al.,                       (Doc. 10)

13                          Defendants.         OBJECTIONS DUE WITHIN THIRTY DAYS
                                         /
14

15      **Findings and Recommendations Following Screening of Amended Complaint**

16  **I.    Screening Requirement**

17          Plaintiff Oliver Vann ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

18  action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff filed this action on August 24, 2007.  On March 24,

19  2008, the Court screened Plaintiff's complaint and ordered him to either file an amended complaint

20  or notify the Court of his willingness to proceed only on the claims found to be cognizable in the

21  order.  Plaintiff filed an amended complaint on April 25, 2008.  With the exception of a few changes,

22  Plaintiff's amended complaint is identical to his original complaint.

23          The Court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25
26
27
28

---

[1] Plaintiff also alleges state law claims.  The Court may exercise supplemental jurisdiction over the state law claims, 28 U.S.C. § 1367(a), but if Plaintiff's federal claims become subject to dismissal, the Court may decline to continue to exercise supplemental jurisdiction over those claims, 28 U.S.C. § 1367(c)(3); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

1

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

4      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

5  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

6  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

7  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

8  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

9  grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

10  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330

11  n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

12  of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

13  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

14  **II.**   **Plaintiff's Claims**

15      **A.**   **Summary of Plaintiff's Complaint**

16      Plaintiff is an inmate currently housed Pleasant Valley State Prison, where the events at issue

17  in this action allegedly occurred.  Plaintiff names Correctional Officers D. Hernandez and J.

18  Melendez, and Sergeant E. McBride as defendants, and is seeking monetary damages and equitable

19  relief.

20      Plaintiff alleges that on May 16, 2006, Defendant Hernandez, a female officer, stopped him

21  to conduct a search.  Plaintiff, who is Jewish, requested that the search be conducted by a male

22  officer because of his religious beliefs. Defendant Melendez, who is male, and another male officer

23  approached, and Melendez ordered Plaintiff to cuff up.  Plaintiff alleges that Melendez placed the

24  handcuffs on so tightly that they cut off Plaintiff's blood circulation and caused hand and bone

25  damage.  Thereafter, Melendez bent Plaintiff's arms upward causing him excruciating pain, and

26  slammed his face into the wall of a holding cell he moved plaintiff into.

27      Plaintiff alleges that Defendants McBride and Hernandez witnessed Melendez slamming

28  Plaintiff's face into the wall.  McBride told Melendez to uncuff Plaintiff, and told Melendez and

2

1   Hernandez to toss and tear up Plaintiff's cell.  Plaintiff alleges that Hernandez searched his cell,

2   trashed his belongings, and confiscated personal property Plaintiff was entitled to possess.  Plaintiff

3   alleges that when he was later given a property receipt, it did not reflect his confiscated headphones

4   or the damage to his television.  During the events at issue, Defendants made remarks critical of

5   Plaintiff's religion.

6   **B.      Eighth Amendment Excessive Force Claim**

7   The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments

8   Clause of the Eighth Amendment.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 5, 112 S.Ct. 995 (1992)

9   (citations omitted).  For claims of excessive physical force, the issue is "whether force was applied

10  in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

11  <u>Hudson</u>, 503 U.S. at 7.  Although de minimis uses of force do not violate the Constitution, the

12  malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless

13  of whether or not significant injury is evident.  <u>Id</u>. at 9-10; <u>see also</u> <u>Oliver v. Keller</u>, 289 F.3d 623,

14  628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force,

15  not de minimis injuries)).

16  Plaintiff's allegations are sufficient to state a claim against Defendants for use of excessive

17  physical force.  Fed. R. Civ. P. 8(a); <u>Cunningham v. Gates</u>, 229 F.3d 1271, 1289 (9th Cir. 2000)

18  (officers who fail to intercede may be held liable under section 1983).

19  **C.      First and Fourteenth Amendment Claims**

20  Plaintiff alleges that Defendants' retaliatory actions impinged upon his "rights to Free

21  Exercise and Enjoyment of his Traditional/Orthodox Jewish Religion without fear and

22  discrimination . . . ."  (Doc. 10, ¶15.)  Because Plaintiff's choice of wording implicates three legal

23  claims, potentially, the Court will address all three.

24  **1.      Free Exercise of Religion**

25  The First Amendment to the United States Constitution provides that "Congress shall make

26  no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ."  U.S.

27  Const., amend. I.  Prisoners "retain protections afforded by the First Amendment," including the free

28  exercise of religion.  <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987).

Beliefs which are both sincerely held and rooted in religious belief trigger the protection of the Free Exercise Clause. <u>Shakur v. Schriro</u>, 514 F.3d 878, 884 (9th Cir. 2008) (quotations and citations omitted).

Plaintiff has not alleged any facts which support a claim that Defendants burdened the exercise of his religion. Plaintiff was previously notified that this claim was deficient and provided with the opportunity to amend. Because Plaintiff failed to cure the deficiency, the Court recommends dismissal of the claim, with prejudice, for failure to state a claim.

### 2.     <u>Equal Protection</u>

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432 (1985) (citing <u>Plyler v. Doe</u>, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001) (quoting <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting <u>Maynard v. City of San Jose</u>, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Plaintiff's allegations are sufficient to support a claim that Defendants used excessive force against him and trashed his cell at least in part because he is Jewish. Fed. R. Civ. P. 8(a).

### 3.     <u>Retaliation</u>

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff's allegations are sufficient to support a claim that Defendants retaliated against him based on his religion. Fed. R. Civ. P. 8(a).

1          **D.      Claims for Declaratory and Injunctive Relief**

2          In addition to money damages, Plaintiff seeks declaratory and injunctive relief.  "'A case or

3    controversy exists justifying declaratory relief only when the challenged government activity is not

4    contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts

5    what may well be a substantial adverse effect on the interests of the petitioning parties.'"  Feldman

6    v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008) (quoting Headwaters, Inc. v. Bureau of Land

7    Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (internal quotations and citation

8    omitted)).  "Declaratory relief should be denied when it will neither serve a useful purpose in

9    clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from

10   the uncertainty and controversy faced by the parties."  U.S. v. State of Wash., 759 F.2d 1353, 1357

11   (9th Cir. 1985) (citations omitted).  The governmental conduct at issue in this action occurred on

12   May 16, 2006, and Plaintiff's remedy is damages should he prevail on his claim that his

13   constitutional rights were violated.  The Court recommends dismissal of the declaratory relief claim.

14         In addition to declaratory relief, Plaintiff seeks an injunction prohibiting retaliation and abuse

15   against him for pursuing his religion.  "[T]hose who seek to invoke the jurisdiction of the federal

16   courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging

17   an actual case or controversy."  City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660,

18   1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

19   "Abstract injury is not enough."  Lyons, 461 U.S. at 101, 103 S.Ct. at 1665.  "[P]laintiff must show

20   that he has sustained or is immediately in danger of sustaining some direct injury as the result of the

21   challenged official conduct and the injury or threat of injury must be both real and immediate, not

22   conjectural or hypothetical."  Id. (internal quotations and citations omitted).  "The key issue is

23   whether the plaintiff is 'likely to suffer future injury.'"  Jones, 444 F.3d at 1126 (quoting Lyons at

24   105, 1667).

25         In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

26   which provides in relevant part, "Prospective relief in any civil action with respect to prison

27   conditions shall extend no further than necessary to correct the violation of the Federal right of a

28   particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The past actions of Defendants provide no jurisdictional basis for the Court to issue the order sought by Plaintiff, and the Court recommends dismissal of this claim for relief.

**III.   Conclusion**

Plaintiff's amended complaint states cognizable claims for relief under section 1983 against Defendants Melendez, Hernandez, and McBride for use of excessive force, denial of equal protection, and retaliation.  However, Plaintiff's amended complaint does not state a viable free exercise claim under section 1983.  Plaintiff was previously given leave to amend the deficiency in his free exercise claim but failed to do so.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, it is HEREBY RECOMMENDED that:

1.   This action proceed on Plaintiff's amended complaint, filed April 25, 2008, under section 1983 against defendants Melendez, Hernandez, and McBride for use of excessive force, denial of equal protection, and retaliation;

2.   Plaintiff's claim for violation of the Free Exercise Clause of the First Amendment of the United States Constitution be dismissed, with prejudice, for failure to state a claim; and

3.   Plaintiff's claims for declaratory and injunctive relief be dismissed for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

///

///

///

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:     October 3, 2008     **                          _____/s/ Sandra M. Snyder_____
                                                            UNITED STATES MAGISTRATE JUDGE