# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER VANN, | CASE NO. 1:07-cv-01238-LJO-SMS PC |
| Plaintiff, | FIRST INFORMATIONAL ORDER |
| v. | |
| D. HERNANDEZ, et al., | |
| Defendants. | |

This order highlights specific rules of which the plaintiff should take particular note. In litigating this action, all parties must comply with the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and the Local Rules of the United States District Court, Eastern District of California (Local Rules). FAILURE TO COMPLY WITH THE FEDERAL RULES, LOCAL RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR APPROPRIATE SANCTIONS, UP TO AND INCLUDING DISMISSAL OF THIS ACTION. Fed. R. Civ. P. 41(b); Local Rule 110.

    1. Documents intended to be filed with the court by pro se litigants must be mailed to the Clerk of the Court, United States District Court, 2500 Tulare Street, Room 1501, Fresno, California 93721. Local Rule 133(d)(1). All documents mailed improperly to a judge's chambers will be stricken.[1]

    2. Each document submitted for filing must include the original signature of the filing party or parties. Fed. R. Civ. P. 11(a); Local Rule 131. All documents submitted without the required

---

[1] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.

1

<u>signature(s) will be stricken</u>. Each separate document must be bound separately at the top left corner. Local Rule 130(b). If a document is bound behind another document, it will not be filed or entered on the court docket. A document requesting a court order must be styled as a motion, not a letter. Fed. R. Civ. P. 7. Documents submitted to the court may be either typewritten or handwritten, but must be legible, and writing shall be on one (1) side of the page <u>only</u>. Local Rule 130 (modified). Every document submitted to the court must include your name, address and prisoner identification number in the upper left-hand corner of the first page. Local Rule 131.

      3. Local Rule 133(d)(2) requires that a courtesy copy of all filings be provided for the court's use. The plaintiff does <u>not</u> have to comply with this requirement. However, if the plaintiff wishes the court to return a file-stamped copy of his or her filing, the plaintiff must include one copy for that purpose AND a pre-addressed postage paid envelope. <u>The court cannot provide copies or mailing service for a party</u>, even for an indigent plaintiff proceeding in forma pauperis. Copies of documents may be obtained from the court file by contacting Attorney's Diversified Services at 741 N. Fulton Street, Fresno, California 93728, 800-842-2695.

      4. After the defendants have made an appearance in this action by filing an answer, a motion to dismiss, or a motion for summary judgment, or by filing a motion for an extension of time to file a response to your complaint, the plaintiff must serve the defendants with a copy of his or her filings and must include with the filings a certificate of service stating that a copy of the document was served on the opposing party. Fed. R. Civ. P. 5; Local Rule 135 (modified). <u>A document submitted without the required proof of service will be stricken</u>. Where a party is represented by private or other government counsel, service on the party's attorney of record constitutes effective service. A sample proof of service form is attached hereto.

      However, <u>if</u> the defendants are represented by the Office of the Attorney General for the State of California, the plaintiff is <u>not</u> required to serve copies of filings on the defendants' counsel. The defendants' counsel will receive service of the filing via the court's electronic filing system. <u>This exception applies only to service of documents on defendants represented by the Attorney General's Office for the State of California</u>.

///

5. All filings must bear the file number assigned to the action, followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned and the letters "PC." Where the plaintiff simultaneously pursues more than one action, he or she must file separate original documents and the appropriate number of copies in each action to which the document pertains. <u>Documents submitted listing more than one case number in the caption will be stricken</u>.

6. The court cannot serve as a repository for the parties' evidence (e.g., prison or medical records, witness declarations, etc.). The parties may not file evidence with the court until the course of litigation brings the evidence into question (e.g., on a motion for summary judgment, at trial, or when requested by the court). <u>Evidence improperly submitted to the court will be stricken</u>.

7. The Eastern District of California converted to an electronic filing, service, and storage system, effective January 3, 2005. Pro se litigants are exempt from the electronic filing requirement and must submit all documents to the court in paper. Local Rule 133(b)(2). Paper documents submitted by pro se litigants for filing will be scanned into the electronic court file by the Clerk's Office. After being scanned into the electronic court file, the paper documents will be retained in the Clerk's Office for a limited period of time and then discarded. Local Rule 138(d). For this reason, pro se litigants are cautioned not to send original exhibits to the court. When it is appropriate for pro se litigants to submit exhibits to the court (see paragraph 6), the litigants shall retain their original exhibits and send photocopies to the court.

8. After an answer is filed, the court will issue an order opening discovery, and setting the deadlines for completing discovery, amending the pleadings, and filing pre-trial dispositive motions. <u>No discovery may be conducted without court permission until an answer is filed and the court issues the discovery order</u>. Discovery propounded on a party is self-executing, and must be served directly on the party from whom discovery is sought; parties should not file copies of their discovery with the court. Local Rules 250.2, 250.3, 250.4. <u>Discovery documents inappropriately submitted to the court will be stricken</u>. Where the response to discovery is unsatisfactory, the party seeking discovery may file a motion to compel discovery, including a copy of the discovery propounded and the response thereto. Fed. R. Civ. P. 37. Unless the parties are relieved of the obligation by court order, a motion to compel must be accompanied by "a certification that the movant has in good faith

conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). <u>A discovery motion that does not comply with all applicable rules will be stricken and may result in imposition of sanctions</u>.

9. Because the plaintiff is either a prisoner or a civil detainee and is proceeding pro se, all pretrial motions will be submitted without a hearing. Local Rule 230(l). The parties are referred to Local Rule 230(l) for the briefing schedule on motions.

10. All court deadlines will be strictly enforced. Requests for time extensions must state the reason the extension is needed and must be filed with the court before the deadline in question. Local Rule 144.

11. A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised of his or her address. Local Rule 182(f). If the plaintiff moves and fails to file a notice of change of address, service of court orders at the plaintiff's prior address shall constitute effective notice. <u>Id.</u> If mail directed to the plaintiff is returned by the U.S. Postal Service as undeliverable, the court will not attempt to re-mail it. <u>If the address is not updated within sixty-three days of the mail being returned, the action will be dismissed for failure to prosecute</u>. Local Rule 183(b). A Notice of Change of Address Form is attached hereto.

12. The plaintiff's complaint will be screened by the court. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; <u>Omar v. Sea-Land Service, Inc.</u> 813 F.2d 986, 991 (9th Cir. 1987); <u>Wong v. Bell</u>, 642 F.2d 359, 361-62 (9th Cir. 1981). If the complaint, in whole or in part, fails to state any claims upon which relief is granted, is frivolous or malicious, or seeks relief monetary relief from a defendant who is immune, it will be dismissed. Service of process will not be initiated until the screening process is complete.

The court has a large number of pro se prisoner and civil detainee cases pending before it and it will screen the plaintiff's complaint in due course. The court will notify the plaintiff as soon as any action is taken in the case. Due to the large number of civil actions pending before the court, the clerk is unable to respond in writing to individual inquiries regarding the status of the case. As long as the plaintiff keeps the court apprised of his or her current address, the plaintiff will receive all decisions which might affect the status of the case.

13. If the plaintiff is proceeding in forma pauperis, the court will direct the United States Marshal to serve the complaint after the court screens the complaint and determines that it states cognizable claims for relief against the named defendants. If the plaintiff is not proceeding in forma pauperis, the court will issues the summonses and instructions on serving the complaint after the court screens the complaint and determines that it states cognizable claims for relief against the named defendants.

As noted, the requirements set forth in Local Rules 135 and 130 have been modified in this order. These modifications apply to civil rights and habeas cases filed in the Fresno division of the Eastern District of California by prisoners and civil detainees proceeding pro se (without counsel).

IT IS SO ORDERED.

**Dated:   September 20, 2010**            /s/ Sandra M. Snyder
                                                              UNITED STATES MAGISTRATE JUDGE