# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER VANN, | CASE NO. 1:07-cv-01238-LJO-SMS PC |
| Plaintiff, | ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AS MOOT, AND DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO PROSECUTE |
| v. | |
| D. HERNANDEZ, et al., | |
| Defendants. | (Docs. 32 and 36) |
| / | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |

Plaintiff Oliver Vann, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 24, 2007.  On March 23, 2010, Defendants Melendez, Hernandez, and McBride filed a motion for summary judgment.  Plaintiff failed to respond and on June 25, 2010, the Court ordered him to file an opposition or a statement of non-opposition to the motion within thirty days.  Local Rule 230(l).  Plaintiff did not comply with or otherwise respond to the order.

On September 20, 2010, after determining that Plaintiff was not provided with notice of the requirements for opposing summary judgment motions, the Court provided the notice and granted Plaintiff an addition thirty days within which to file a response.  <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 411-12 (9th Cir. 1988) (notice to pro se litigants of requirements for opposing summary judgment notice is required).  Plaintiff was again warned that if he failed to file an opposition or a statement of non-opposition, this action would be dismissed, with prejudice, for failure to prosecute. To date, no response has been received.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending more than three years. Plaintiff is obligated to comply with the Local Rules and was informed via two court orders regarding the need to oppose the motion for summary judgment. The Court's efforts were met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to comply with the Local Rules and the Court's orders that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scare resources. Plaintiff is incarcerated, making monetary sanctions likely of little use, and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal. Id. at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," as is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted).

1  In summary, Plaintiff filed this action but is no longer prosecuting it. Almost eight months
2 have passed since Defendants filed their motion for summary judgment, and Plaintiff has not
3 responded, despite being notified of the requirement to respond via the Court's First Informational
4 Order, the Court's Second Informational Order, and the Court's orders specifically directing him to
5 respond. (Docs. 33-36.) The Court is buried under a veritable flood of civil cases and simply cannot
6 afford to expend resources resolving an unopposed motion for summary judgment in a case a
7 plaintiff is no longer prosecuting.

8  Accordingly, Defendants' motion for summary judgment is DENIED without prejudice as
9 moot, and this action is DISMISSED with prejudice for failure to prosecute. The Clerk of the Court
10 SHALL enter judgment and close the file.

13 IT IS SO ORDERED.
14 **Dated:    November 19, 2010**          /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE